PEOPLE v RICHARDS

Docket No. 49347. Submitted January 13, 1981, at Detroit.—Decided February 12, 1981.

Mark L. Richards pled guilty to armed robbery, Macomb Circuit Court, Robert J. Chrzanowski, J. He appeals, alleging that his plea was not voluntary because he was not informed that "good time" was not available upon conviction of the crime charged. *Held:*

The trial court properly informed defendant that he could not receive probation and that he would spend at least one year in prison. The court was not required to advise defendant that the minimum term of imprisonment could not be diminished by allowances for good time, special good time, or special parole. Defendant was completely and accurately apprised of the consequences of his guilty plea.

Affirmed.

CRIMINAL LAW — COURTS — GUILTY PLEAS — SENTENCES — COURT RULES — STATUTES.

A trial court is not required to inform a defendant charged with a crime requiring service of a minimum term before parole that the minimum term cannot be diminished by allowances for good time, special good time, or special parole prior to accepting the defendant's guilty plea (GCR 1963, 785.7[1][d], [f], MCL 791.233b; MSA 28.2303[3]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Attorney, and *Joseph G. Wetzel,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 487.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Antonio Cavaliere,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

PER CURIAM. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797. His plea of guilty as charged was accepted by the trial court. He was sentenced to a prison term of from 17 months to 120 months.

Defendant alleges on appeal that his plea was not voluntary because he was not informed that the Legislature had recently enacted a statute which did away with "good time" for certain convictions, including armed robbery. See MCL 791.233b; MSA 28.2303(3).

There is no requirement that the court advise a defendant prior to accepting his guilty plea that "good time" is not available. The defendant was properly informed that he could not receive probation and that he would spend at least one year in prison. GCR 1963, 785.7(1)(d) and (f). Therefore, the defendant was completely and accurately apprised of the consequences of his guilty plea.

Affirmed.